# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA SABINA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-934 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion for Summary Judgment (Doc. 10) will be granted, and Plaintiff's Motion for Summary Judgment (Doc. 8) will be denied.

Plaintiff (hereinafter, "Claimant") has filed this social security appeal, challenging the ALJ's decision dated November 23, 2011. *See generally* Compl. (Doc. 1); ALJ's Decision, R. at 10-19. Claimant seeks disability insurance benefits, and the alleged onset date of her disability was September 15, 2009. *See* ALJ's Decision, R. at 10.[1]

The ALJ found that Claimant suffered the severe impairments of major depressive disorder, generalized anxiety disorder and panic disorder with agoraphobia. *Id.*, R. at 12. The ALJ found, however, that these conditions did not preclude Claimant from performing work at any exertional level, limited to: simple, routine and repetitive tasks; in an environment free of fast-paced production requirements; involving only simple work-related decisions and routine

---

[1] Claimant previously filed an application for benefits, on December 7, 2007, which was denied on September 14, 2009. *See id.*, R. at 10. Claimant has not sought to reopen or revisit that determination. *See id.*

workplace changes; being isolated from the public; and only occasionally interacting with co-workers. R. at 63 (RFC, as described by ALJ to vocational expert); *accord* ALJ's Decision, R. at 14. The vocational expert testified that an individual with Claimant's limitations could perform jobs existing in significant numbers in the national economy, and the ALJ found Claimant not disabled at step five of the sequential analysis. *See* ALJ's Decision, R. at 18-19.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor lacking the support of substantial evidence. Accordingly, the Court will limit its discussions to the two points of error alleged by Claimant.

First, Claimant objects that the ALJ's decision did not specifically reference certain of her GAF scores, which, at their lowest, ranged between 45 and 48. *See generally* Pl.'s Br. at 7-10. As Defense counsel highlights, however, certain of those GAF scores related to Claimant's condition *before* her alleged onset date, a time-period encompassed in her prior unsuccessful application. *See* Def.'s Br. (Doc. 11) at 11 (citing record evidence). Otherwise, Claimant had a number of other GAF scores ranging between 52 and 68, indicating less severe symptoms. *See id.*

The ALJ's decision specifically noted that she had "considered all of the medical evidence of record[,] including the GAF scores," in determining that Claimant was not disabled. *Id.*, R. at 16. Under the circumstances, the Court sees little benefit to requiring the ALJ to discuss, individually, the various GAF scores in the record, and the law makes no such demand. *See* Pendergast v. Colvin, 2014 WL 4680730, *8 (W.D. Pa. Sept. 19, 2014) ("GAF scores are not [required to be] expressly . . . discussed and analyzed in all cases," and, rather, "[t]he Court must look at the overall context"). Although GAF score(s) may warrant discussion in some cases, they are less salient here because the ALJ spent the bulk of her decision *directly* addressing the

2

limitations potentially reflected in those scores. Under the circumstances, Claimant's argument is unpersuasive.

Second, Claimant takes issue with the ALJ's having given greater weight to the findings of a non-examining psychologist than Claimant's treating therapist and a consultative psychiatric examiner. *See* Pl.'s Br. (Doc. 9) at 10-15. The non-examining source, Dr. Glover, made RFC findings that were supportive, if not more generous, than the ALJ's determinations,[2] while the treating-therapist, Ms. Cormier, completed an RFC form, "[with] the patient's [*i.e.*, Claimant's] collaboration," indicating more severe limitations. *See* Ms. Cormier's "Questionnaire" (R. at 481-84). As for the consultative examiner, Dr. Haddad, his findings largely were consistent with the ALJ's RFC assessment, although he did highlight that Claimant's concentration and attention "appear[ed] to be quite impaired." *See* Dr. Haddad's report (R. at 339-44).

The ALJ rejected Ms. Cormier's opinions as "against the weight of the evidence," reflecting an "overestimat[ion] of Claimant's limitations." ALJ's Decision, R. at 15. The ALJ found significant that Ms. Cormier's report was, by its own admission, "completed with [C]laimant's collaboration," and concerns regarding accuracy and bias were heightened, given the ALJ's findings that Claimant's subjective complaints were not fully credible and that she tended to exaggerate her symptoms. *See id.* at 16. Claimant has not challenged the ALJ's credibility determinations, and the ALJ did not err in discounting Ms. Cormier's report.[3]

---

[2] *See* R. at 346-49 (Dr. Glover's RFC assessment report).

[3] Defendant also highlights that, prior to completing the report, Ms. Cormier only had examined Claimant on one occasion, thereby undermining Claimant's suggestion that a significant treatment relationship existed as of the time of the report. *See* Def.'s Br. (Doc. 11) at 14. Moreover, Claimant herself has highlighted evidentiary limitations regarding Ms. Cormier, based on her status as an "other medical source" (as opposed to an "acceptable medical source").

3

As for the consultative examiner, the ALJ did not err in concluding that Dr. Haddad's findings were, in large part, consistent with the ALJ's final RFC determination. *Compare* R. at 343 (Dr. Haddad's report, agreeing that Claimant could "get along with others"; her communication skills were adequate; she was somewhat limited in relating to authority figures and peers; she would have difficulty dealing with the public; she could carry out very simple instructions; she could not perform activities under time constraints; and she could make simple decisions) *with* discussion *supra* (reciting RFC endorsed by ALJ, which limited Claimant to simple, routine and repetitive tasks; in an environment free of fast-paced production requirements; involving only simple work-related decisions and routine workplace changes; requiring isolation from the public; and only occasional interaction with co-workers). To the extent that Dr. Haddad's findings may be viewed as inconsistent with Dr. Glover's, the ALJ adequately explained why she gave greater weight to the latter. *See* ALJ's Decision, R. at 15-17; *see also* Dr. Glover's report (R. at 348) (providing detailed explanation in support of findings, including Dr. Glover's reasons for rejecting some of Dr. Haddad's assessments); *and see* <u>Byerly v. Comm'r Soc. Sec.</u>, 2014 WL 4662070, *7 (W.D. Pa. Sept. 19, 2014) ("[w]hen the medical evidence is genuinely disputed, an [ALJ] is generally free to choose the medical opinion of one doctor over that of another") (citation to binding, quoted authority omitted). The ALJ did not err.[4]

---

*Compare* Pl.'s Br. (Doc. 9) at 14 *with* <u>Paiani v. Colvin</u>, 2014 WL 4384987, *5 n.3 (W.D. Pa. Sept. 3, 2014) (reports from "other sources" cannot establish impairment, although they may be considered for other purposes) (citation omitted). Although these factors are persuasive, the Court may not rely on them because the ALJ did not rely on them. *See* <u>Dismuke v. Comm'r Soc. Sec.</u>, 2009 WL 274797, *5 n.1 (3d Cir. Feb. 5, 2009) (court's review of administrative decision is restricted to grounds relied upon by agency) (citation omitted).

[4] To be sure, some of the Court's prior decisions have expressed discomfort, generally, with an ALJ's relying on a non-examining source when a treating source and/or an examining

4

For all of the reasons stated above, the Commissioner's finding of non-disability hereby is AFFIRMED, and the Court enters the following:

## II. ORDER

Plaintiff's Motion for Summary Judgment (**Doc. 8**) is **DENIED**, and Defendant's Motion for Summary Judgment (**Doc. 10**) is **GRANTED**.

IT IS SO ORDERED.


September 30, 2014                                    s\Cathy Bissoon
                                                                             Cathy Bissoon
                                                                             United States District Judge

cc (via ECF email notification):

All counsel of record

---

consultative physician, of the Administration's own choosing, reaches a different conclusion. This concern is heightened within the context of mental impairments. *See, e.g.*, Byerly at *7 ("[a]n assessment submitted by a nonexamining consultant will not normally constitute substantial evidence of a claimant's ability to work when it is contradicted by reports prepared by" examining sources, and this "is particularly true in cases involving . . . mental impairments") (citations omitted). The prior decisions, however, merely reflect the tension that arguably exists between the competing legal standards. *Compare* Byerly, and cases cited therein, *with, e.g.*, Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361-62 (3d Cir. 2011) (affirming denial of benefits where ALJ afforded more weight to non-examining source, and stating, "[a]lthough treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, . . . [t]he law is clear . . . that the opinion of [any examining source] does not bind the ALJ on the issue of functional capacity," and non-examining "[s]tate agent opinions merit significant consideration") *and* Williams v. Astrue, 2009 WL 792867, *3 (3d Cir. Mar. 27, 2009) (ALJ did not err in giving greater weight to findings of non-examining physician than examining consultant, where evidence was conflicted and ALJ "thoroughly explained" and supported decision). In any event, the holdings referenced above must be read harmoniously, and each decision must be made on a case-by-case basis.